UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CARROLL WATSON,

Plaintiff,

v.

PROVIDENCE ST. PETER HOSPITAL, et al.,

Defendants.

CASE NO. C12-5352 BHS

ORDER DENYING WATSON'S MOTION TO REMAND BACK TO STATE COURT

This matter comes before the Court on Plaintiff Carroll Watson's ("Watson") motion to remand back to state court (Dkt. 15). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file. For the reasons stated herein, the Court denies the motion.

## I. PROCEDURAL HISTORY

On March 23, 2012, Watson filed a complaint in the Superior Court of the State of Washington in and for Thurston County against Providence St. Peter Hospital ("Providence"), Jacqueline Imori, Mary E. Mertens, Susan Meenk, Janet Sanders, Tonja Nichols, and John and Jane Does 1-25, who are employees, administrators, or managerial and supervisorial staff of Providence (hereinafter "Defendants"). Dkt. 16-2 at 2-3. On April 23, 2012, Defendants filed a notice of removal to this Court. Dkt. 1. On April 30, 2012, Defendants filed an answer to Watson's complaint. Dkt. 14. On May 5, 2012,

Watson filed a motion to remove the action back to state court. Dkt. 15. On May 14, 2012, Defendants filed a response in opposition to Watson's motion to remand. Dkt. 20. On May 18, 2012, Watson filed a reply. Dkt. 23.

## II. FACTUAL BACKGROUND

Watson was employed at Providence. Dkt. 16-2 at 2. Based on uncontroverted allegations, during her employment, she was represented under the Collective Bargaining Agreement ("CBA") between Providence and District 1199, Hospital and Health Care Employees Union, and Service Employees International ("Union"). Dkts. 20 at 2 and 21 at 1-2. Watson's complaint arises out of an alleged denial of meal and rest breaks, which resulted in her sitting in her own human waste, while she waited for a specific individual to relieve her from her job. Dkt. 16-2 at 5, 6, 7, 8, 12. As a direct consequence of or related to this alleged denial of meal and rest breaks, Watson claims she suffered injuries for which she now seeks redress.

## III. DISCUSSION

In her complaint, Watson filed eight causes of action against the Defendants, alleging negligence, negligent supervision, negligent infliction of emotional distress, wrongful discharge/termination, breach of contract, bad faith and denial of rest and lunch breaks in violation of RCW 49.12 and WAC 296-126-092. Dkt. 16-2. Watson contends that none of these claims present claims under federal law or a federal question, making remand back to state court necessary. Dkt. 23 at 2. Hence, her instant motion to remand. Dkt. 15.

Defendants dispute Watson's latter contention, arguing that "many of the plaintiff's claims arise from an alleged breach of the CBA that governed the terms and conditions of her employment." Dkt. 20 at 1. According to the Defendants, "[p]laintiff's claims require interpretation of the CBA because they address whether plaintiff was provided rest and lunch breaks consistent with the CBA and whether the plaintiff was denied medical coverage and time off, which is also governed by the CBA." *Id.* at 1. Thus, Defendants contend that Watson's claims "are covered by Section 301 of the Labor Management Relations Act" ("LMRA"), thereby giving "this Court [] original jurisdiction." Dkt. 20 at 2.

In her three-page reply, Watson simply denies that any cause of action is a federal one, asserting jurisdiction is proper in state court.

Three of Watson's claims necessarily require interpretation of the CBA. As such, they are preempted by §301 of the LMRA, 28 U.S.C. §185(a). Based on the facts before the Court, it finds Watson's other five claims are so related to the ones over which the Court has original jurisdiction that they form a part of the same case or controversy sufficient for the Court to retain supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

**A. Standards for Removal and Pre-emption**

**1. Removal**

The removal statute, 28 U.S.C. § 1441, reads in pertinent part:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant

> or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

"The threshold requirement for removal under 28 U.S.C. § 1441 is a finding that the complaint contains a cause of action that is within the original jurisdiction of the district court." *Ansley v. Ameriquest Mortg. Co.*, 340 F.3d 858, 861 (9th Cir. 2003) (*citing Toumajian v. Frailey*, 135 F.3d 648, 653 (9th Cir. 1998)). In scrutinizing a complaint in search of a federal question, a court applies the well-pleaded complaint rule. *Id*. (*citing Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). For removal to be appropriate under the well-pleaded complaint rule, a federal question must appear on the face of a properly pleaded complaint. *Ansley*, 340 F.3d 858, 861 (*citing Rivet v. Regions Bank of La.*,522 U.S. 470, 475 (1998)).

Watson contends removal to federal court was improper, and seeks to remand her suit because none of her claims allege a violation of federal law, and none arise out of federal law. Dkt. 23 at 2. Rather, she maintains her claims are solely based on Washington State law. Dkt. 15 at 1. Therefore, according to Watson, the case should be remanded back to state court, as this Court does not have jurisdiction over any of her claims. Dkt. 15 at 2.

Providence argues that the Court has federal jurisdiction over all her claims, and Watson cannot avoid federal jurisdiction by "artfully pleading" her complaint. Dkt. 20 at 3-4. In doing so, Providence correctly notes that the Ninth Circuit requires courts to look beneath the surface of allegations to determine if claims require interpretation of the

CBA, which would make them federal claims. Dkt. 20 at 4. Here, Providence essentially maintains that "to avoid federal jurisdiction" Watson has "cast in state law terms [] claim[s] that can be made only under federal law." *Id*. (*citing Olguin v. Inspiration Consol. Copper Co.*, 740 F.2d 1468, 1472 (9th Cir. 1984) (*overruled in part by Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985)). Such claims "may be re-characterized as one[s] arising under federal law." *Id*.

While Defendants appropriately acknowledge that federal jurisdiction cannot be avoided by artful pleading, their argument regarding preemption of the LMRA is central to the Court finding that it has jurisdiction over Watson's claims and requires the Court to look beyond how claims are pled.

**2. Preemption under the LMRA**

Federal jurisdiction typically exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint. *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 (9th Cir. 2000) (citations omitted). A federal law defense to a state law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint. *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 14 (1983). This rule makes a plaintiff the "master of his complaint": he may generally avoid federal jurisdiction by pleading solely state law claims. *Balcorta*, 208 F.3d at 1106.

The complete preemption exception to the well-pleaded complaint rule is applied under § 301 of the LMRA. *Id.* at 1107. That section vests jurisdiction in federal courts over "[s]uits for violation of contracts between an employer and a labor organization

representing employees in an industry affecting commerce." 29 U.S.C. § 185(a). Although the text of § 301 contains only a jurisdictional grant, the Supreme Court has interpreted it to compel the complete preemption of state law claims brought to enforce collective bargaining agreements. *Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists & Aerospace Workers*, 390 U.S. 557, 560 (1968). In addition, although the language of § 301 is limited to "[s]uits for violation of contracts," the Supreme Court has expanded § 301 preemption to include cases the resolution of which "is substantially dependent upon analysis of the terms of [a collective bargaining agreement]." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985) (citations omitted).

Providence contends that Watson's claims are inextricably intertwined with rights created by the CBA and require interpretation and analysis of the CBA. Dkt. 20 at 5. It argues that each claim requires interpretation of the CBA. *Id*. at 3. In particular, Providence notes three claims that directly involve breach of contract allegations and require interpretation of the CBA: Watson's wrongful discharge/termination claim, her breach of contract for unreasonable denial of medical coverage and time off, and her bad faith claim based on allegations that Providence failed to protect plaintiff's interest by denying her medical coverage and time off. *Id*.

The Court agrees with Providence that the three claims listed above substantially depend upon an analysis of the terms of the CBA. For example, to resolve these claims, at least some or all of the following CBA provisions will require interpretation: Article 5, involving discipline and discharge (Dkt. 21-1 at 5-7) (2010-2012 CBA); Articles 9, 10 and 12, involving sick leave, annual leave and leave of absences, respectively (*id*. at 15-

63, 63-64 and 66-68); Article11, involving, health benefits (*id*. at 65-66); and Article 15, involving the grievance procedure (*id*. at 68-71).  Therefore, the Court concludes that it has original jurisdiction over those claims under § 301 preemption of the LMRA.

However, the Court disagrees with Providence's contention that the Court has original jurisdiction over Watson's other five claims, which are grounded in Washington State law.  Nonetheless, the Court may exercise supplemental jurisdiction over those claims.

**B.    Supplemental Jurisdiction**

The Court may exercise supplemental jurisdiction

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. §1367(a).

Watson's five other claims are grounded in Washington State law.  Her eighth cause of action directly references state law involving meal and rest breaks, RCW 49.12 and WAC 296-126-092.  Although Providence contends that this claim, as well as all her other claims involving allegations of failure to provide meal and rest breaks, are governed by the CBA's provisions regarding meal and rest periods, and requires its interpretation, the right to minimum meal and rest periods is not negotiable under Washington State law.  Indeed, the CBA itself, Article 7.7, contains a provision for meal and rest periods that indicates the following: "Meal and rest periods shall be provided in accordance with applicable state and federal law and regulations, including the Washington State

Administrative Code which permits intermittent breaks." Dkt. 21-1 at 58. Five of Watson's claims involve allegations regarding Providence's failure to provide meal and rest periods as required by state law, not the CBA. Therefore, interpretation of the CBA is not required, and the Court does not have original jurisdiction over those claims.

Nonetheless, so long as the federal claims remain pending with the Court, it will exercise supplemental jurisdiction over Watson's five other claims because they each involve facts that "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. 1367(a). Each claim arises out of or closely relates to the same set of facts, which involve an alleged denial of meal and rest breaks and the harm that resulted to Watson from Providence's alleged failure to provide her with those breaks.

**IV. ORDER**

Therefore, it is hereby **ORDERED** that Watson's motion to remand back to state court (Dkt. 15) is **DENIED.**

Dated this 18th day of July, 2012.

BENJAMIN H. SETTLE
United States District Judge